**Blanca Cecilia LEGUIZAMON, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–2969–ag.

United States Court of Appeals, Second Circuit.

Feb. 1, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

David E. Pivner, Wayne, PA, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Kristin K. Edison, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C. for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Blanca Cecilia Leguizamon, a native and citizen of Colombia, seeks review of a June 11, 2007 order of the BIA affirming the April 26, 2005 decision of Immigration Judge ("IJ") Michael W. Straus denying Leguizamon's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Blanca Cecilia Leguizamon,* No. A95 224 661 (B.I.A. Jun. 11, 2007), *aff'g* No. A95 224 661 (Immig. Ct. Hartford, Connecticut Apr. 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc).

As a preliminary matter, because Leguizamon explicitly abandoned her challenge to the denial of her asylum and CAT claims in her brief to this Court, we deem those claims waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Hence, we will only review the agency's denial of Leguizamon's withholding of removal application. Furthermore, the Government correctly argues that Leguizamon's argument on appeal that she belongs to the particular social group of former union officials in Colombia was not properly raised before the BIA

and is, thus, unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 124 (2d Cir.2007).

Substantial evidence supports the IJ's conclusion that mere threats over a "substantial period of time," without any actual physical harm or evidence that any of these threats were ever carried out, do not amount to past persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (finding that the harm must be sufficiently severe, rising above "mere harassment."); *see also Zhen Hua Li v. Att'y Gen.,* 400 F.3d 157, 165 (3d Cir.2005); *Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir.2002).

Furthermore, substantial evidence supports the IJ's finding that "there is ... no evidence that is more likely than not that ... guerillas would want to harm [Leguizamon] eight years after she left Colombia" because "[i]t appears that any information that [Leguizamon] would have about [her former employer] would be rather stale" and because "no credible evidence exists why these guerillas would still want to harm" her. *See* 8 U.S.C. § 1252(b)(4)(B). Indeed, although Leguizamon testified that guerillas threatened her because they wanted information on her former employer, Leguizamon admitted that the information she has about her former employer is stale.

Additionally, even though Leguizamon's background materials indicate that union leaders risked persecution at the hands of paramilitaries, Leguizamon admitted that she quit her union activities in 1994. In this regard, Leguizamon submitted no evidence that former union members or leaders are persecuted by guerillas in Colombia. As a result, the IJ did not err in finding that Leguizamon failed to meet her burden of proof for withholding of removal that her life or freedom would be threatened by guerillas if she were removed to Colombia.

We also find that the IJ did not err in concluding that Leguizamon failed to meet her burden of proof for withholding of removal based on her alleged fear of future persecution from company or union officials. Because there is no evidence in the record indicating that union or company officials would threaten Leguizamon's life and freedom if she returned to Colombia, the IJ's decision in this regard is supported by substantial evidence. *Zhou Yun Zhang,* 386 F.3d at 73 & n. 7.

To the extent Leguizamon argues that the agency erred in finding that she has failed to demonstrate that the harm she fears is motivated, at least in part, by an actual or imputed protected ground of persecution, her argument is without merit. The agency's conclusion that Leguizamon failed to establish either past persecution or a "clear probability" of future persecution in Colombia necessarily precludes any finding that she was persecuted or fears future persecution on account of one of the protected grounds. 8 C.F.R. § 1208.16(b)(1). In other words, because substantial evidence supports the agency's conclusion that Leguizamon failed to establish past persecution or a "clear probability" of future persecution in Colombia, she has failed to demonstrate eligibility for withholding of removal regardless of whether she falls into a protected ground of persecution. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.